SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:26-cr-00019-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ALEJANDRO ANAYA,** | |
| **Defendant.** | |

The government asks the Court to impose a sentence of 60 months' imprisonment, to be followed by a four-year term of supervised release. The defendant was a drug dealer who was arrested while in the process of delivering approximately 3.9 kilograms of cocaine. Given the nature of the crime, we believe the mandatory minimum sentence of 60 months' imprisonment is reasonable. The U.S. Probation Office has also asked the Court to impose a sentence of 60 months' imprisonment, to be followed by a four-year term of supervised release.

## A. Summary of Proceedings.

On July 13, 2026, the defendant pled guilty to the single count of the Indictment which charged him with Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §

841(a)(1) and 841(b)(1)(B). The maximum sentence the Court may impose is a term of 40 years' imprisonment, a fine of $5,000,000, and at least four years of supervised release. There is a mandatory minimum sentence of five years' imprisonment. The count of conviction also carries a $100 fee assessment.

A Presentence Report (PSR) has been completed. The government believes that the facts underlying the defendant's count of conviction (PSR ¶¶ 18 - 25), his Sentencing Guideline calculations (PSR ¶¶ 430 - 39), and Criminal History (PSR ¶ 42) are correctly outlined in both the PSR and plea agreement. In his plea agreement defendant admitted that:

> [O]n or about January 8, 2026, here within the District of Oregon, he was caught in possession of approximately 3.9 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and that he intended to distribute it to another person. Trained drug investigators would also testify that the amount of cocaine seized indicated that the fentanyl was possessed for purposes of further distribution.

Plea Agreement ¶ 6.

The case against the defendant arose after a confidential source told Drug Enforcement Administration (DEA) Agents that they had purchased kilogram quantities of cocaine from the defendant and were able to do so again. PSR ¶¶ 18 – 19. DEA Agents in turn had the source contact the defendant and order five kilograms of cocaine, which the defendant agreed to supply. PSR ¶¶ 20 – 22. On January 8, 2026, the deal was scheduled to occur in Biggs Junction, Oregon. PSR ¶ 23. When the defendant arrived to complete the deal he was arrested and inside his vehicle agents found and seized approximately 3.9 kilograms of cocaine. PSR ¶¶ 24 – 25. Inside defendant's wallet agents found a note that said: "3 full + 970 . . . next time can do 1 more or even to [sic]." PSR ¶ 25. A picture of the note is below:




**B. Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id.*

**Base Offense Level (28)**

The parties agree that defendant's relevant conduct, pursuant to USSG §§ 1B1.3 and 2D1.1(a), involves approximately 3.9 kilograms of cocaine for an initial Base Offense Level of 28. PSR ¶ 30, Plea Agreement ¶ 8.

///

///

///

**Acceptance of Responsibility (-3)**

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to USSG § 3E1.1, the parties ask that the Court grant the defendant a three-level reduction in his offense level. PSR ¶¶ 37 - 38, Plea Agreement ¶ 11.

**Adjusted Offense Level**

The defendant's Adjusted Offense Level is 25. With a Criminal History Category of I, defendant's advisory sentencing guideline range is 57 to 71 months' imprisonment. There is a 60 month mandatory minimum sentence required by law.

**C. Government's Recommended Sentence.**

We ask the Court to impose a sentence of 60 months' imprisonment, to be followed by a four-year term of supervised release. The defendant was selling large amounts of cocaine and comes before the Court with a prior felony conviction in state court involving the delivery of methamphetamine. Defendant's drug dealing was dangerous and destructive to the community.

Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to

///

///

///

provide the defendant with needed training or other corrective treatment, we believe the mandatory minimum sentence of 60 months' imprisonment is reasonable. We ask the Court to impose it, to be followed by a four-year term of supervised release.

There are no counts to be dismissed.

There is an appeal waiver.

Dated: October 21, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ Scott Kerin

SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney